Everly v. Bradford.

## EVERLY v. BRADFORD.

1. It is competent for a merchant to establish an account by proof that the entry on his book is in the handwriting of a deceased clerk, who is proved to have been correct and accurate in making his charges; and where a deposition professes to set out an exact copy of the entry, as thus, "500 doz. cut glass beads, a 30 cts. $100," it is evidence to show that at least one hundred dollars was due for the articles charged; the plaintiff claiming only that sum by his declaration, the fair inference is, that the sale was made at twenty cents the dozen, and the mistake was made by the commissioner or scrivener who wrote the deposition.

Writ of Error to the Circuit Court of Talladega.

This was an action of assumpsit, brought in the County Court of Talladega, by the plaintiff in error, to recover the sum of one hundred dollars for goods, wares and merchandize sold and delivered. On the trial the plaintiff excepted to the ruling of the presiding Judge. From the bill of exceptions it apppears that the respective partnerships of the plaintiff and defendant with their deceased partners, at the date of the ac-

count in question, was proved; and the plaintiff offered the deposition of a witness, who stated, that in the year 1834, he was in the employ of the plaintiff and his deceased partner, who were doing business in the city of Philadelphia. At that time Benj. W. Butler was a Clerk in the house, and has since died. Witness futher states that he was well acquainted with Butler's handwriting, from having frequently seen him write, that he had a book of original entries of the plaintiff's house then before him, in which, in the handwriting of Butler, was an entry under date the 9th October, 1834, as follows: "Sold Bradford & Harris, of Wetumpka, Ala. 500 dozen cut glass beads a 30 cts." carried out $100. Witness further states that he was well acquainted with Butler, and believes him to have been an honest man and a correct clerk; that the entry stated, he believes was made on the day it bears date, and that the entries in the books of the plaintiff's house, from his personal knowledge, were made with punctuality, care and accuracy. The defendant is sued as the surviving partner of Temple Harris, with whom he did business under the style of Bradford & Harris.

The plaintiff, by his counsel, moved the Court to charge the jury, "that if they believed from the evidence, that the charge in the account sued on, was made in plaintiff's books of account, in the ordinary course of business, by a clerk of plaintiffs who was dead at the time of taking the deposition read to them, that he was a correct clerk, and that plaintiff kept correct books of account; and there being no evidence to disprove the plaintiff's account, they should find for him—which charge the Court refused to give.

The jury found a verdict for the defendant, and the plaintiff prosecuted a writ of error to the Circuit Court, where the judgment of the County Court was affirmed, and to revise this latter judgment a writ of error has been sued to this Court.

L. E. PARSONS, for the plaintiff, insisted that the Judge of the County Court should have instructed the jury as prayed, and cited 2 Starkie's Ev. 639; 15 East Rep. 32; 2 Ld. Raym. Rep. 873; 2 Salk. Rep. 690; 9 Porter's Rep. 289.

CHILTON, for the defendant. The charge prayed was upon

Everly v. Bradford.

the facts, and was properly refused. The deposition, while it affirms the accuracy of the entry, shows it in point of fact to be incorrect; for instead of being carried out for $100, it should according to the *data*, have been $150.

COLLIER, C. J.—It is conceded that where a clerk who has made entries in the books of his employer is dead, proof of his handwriting is admissible to show, not only that the entries were made as they appear, but also that they are correct. Clemens v. Patton, Donegan & Co. [9 Porter's Rep. 289,] is directly to the point. But it is insisted that the instruction asked to be given to the jury, not only asserts the admissibility of the evidence, but its legal conclusiveness. This argument we think cannot be maintained. We understand from the bill of exceptions that no evidence was offered by the defendant, at the trial, so that the cause was submitted to the jury on the proof adduced by the plaintiff alone; this appears from the statement that there was "no evidence to disprove plaintiff's account." Now the case cited affirms that the evidence was *prima facie* sufficient to establish the account; this being the case, upon principle, it would seem, the jury were bound to accord to it credence. The Court were requested thus to declare the law in effect.

It is true that the jury are to judge of the credibility of witnesses, but there was nothing in the deposition before them to discredit it, or cast the slightest shade of suspicion over the witness. The entry made by the deceased clerk, supposing the beads to have been sold at thirty cents the dozen, was incorrectly carried out; but this should be intended to be a mistake of the commissioner who took the deposition, or of the scrivener who wrote it. And the fact that the plaintiff declares for one hundred dollars only, shows that the charge should have been twenty cents the dozen. If the facts were submitted to a Court as a case agreed, or as a special verdict, there could be no hesitancy as to the proper judgment, and we cannot doubt the correctness of the instruction prayed.

The judgments rendered, both by the County and Circuit Courts are reversed, and the cause remanded to the Circuit Court, that it may be thence remanded to the County Court.